UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WERONIKA JANCZUK,<br><br>*Plaintiff,*<br><br>– against –<br><br>UNITED STATES OF AMERICA (USA),<br><br>*Defendant.* | **MEMORANDUM & ORDER**<br>24-cv-03092 (NCM) (LB) |
| WERONIKA E. JANCZUK,<br><br>*Plaintiff,*<br><br>– against –<br><br>UNITED STATES OF AMERICA (USA); JUDICIAL & PERSONNEL TEAMS USA COURTHOUSE FEDERAL (SDNY); FEDERAL DEFENDERS OF NEW YORK (FDNY); SYLVIE LEVINE; BROOKLYN METROPOLITAN DETENTION CENTER (BMDC),<br><br>*Defendants.* | 24-cv-03268 (NCM) (LB) |

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Weronika Janczuk filed the above-captioned actions against various defendants, including the United States of America.[1] Compl., ECF No. 1. The Court grants plaintiff's applications to proceed *in forma pauperis*, Appl. to Proceed IFP,

---

[1] The Court notes that Plaintiff filed five other actions in recent weeks. *See Janczuk v. USA, et al.*, No. 24-cv-03655; *Janczuk v. USA*, No. 24-CV-3654; *Janczuk v. United States, et al.*, No. 24-CV-3128; *Janczuk v. United States, et al.*, No. 24-CV-3260; *Janczuk v. USA et al.*, No. 24-CV-3141.

1

ECF No. 2,[2] and consolidates the actions for the purpose of this Order.[3] For the reasons stated below, the complaints are **DISMISSED** without prejudice, and the Court grants plaintiff leave to file amended complaints within thirty (30) days.

## BACKGROUND

A. *Janczuk v. USA*, No. 24-cv-03092 (NCM) (LB)

Plaintiff alleges that she was not permitted to keep her Invisalign dental retainer with her while she was previously detained at the Metropolitan Detention Center, Brooklyn ("MDC") in relation to a criminal case. Compl. at 5.[4] Plaintiff claims that this resulted in a "delay in maintenance" and "new retainers are required." Compl. at 5. Plaintiff asserts federal question jurisdiction over this action because "federal prisons' dental and medical provisions are designed, implemented, and maintained at the federal level." Compl. at 4. Plaintiff seeks $7,000 for retainers and $1.75 million for "delay and extended trauma, affecting professional, social . . . and other opportunities." Compl. at 6.

B. *Janczuk v. United States of America (USA) et al.*, No. 24-cv-03268 (NCM) (LB)

Plaintiff alleges that she was "denied the right to persist in the oral and dental care that she and her supervising dentist had co-determined to be good for her dental health."

---

[2] Plaintiff has filed IFP applications at ECF No. 2 on each of the above-captioned dockets.

[3] By letter dated May 14, 2024, plaintiff requested that the Court "formally determine which thread of cases to proceed[] with by closing the extraneous thread," referring to the case transferred from the Southern District of New York, No. 24-cv-03268, and the action filed in the Eastern District of New York, No. 24-cv-03092. Letter, No. 24-cv-03268, ECF No. 9. The Court notes that plaintiff may seek voluntary dismissal by filing a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) should she wish to close either of these cases.

[4] The Court notes that plaintiff's detention at MDC relates to a criminal case in the United States District Court for the Southern District of New York. *See USA v. Janczuk*, No. 24-cr-00010 (S.D.N.Y.).

Compl. at 2. Specifically, she claims that on January 11, 2022, plaintiff requested permission to bring her existing Invisalign retainers into MDC. Compl. at 5. Plaintiff alleges that "[i]nvoluntary detention without immediate indictment, plea, or trial resulted in two (2) years of persistent non-alleviated dental trauma." Compl. at 5. She seeks damages to cover the cost of a new retainer, "approximately $7,000, as well as the financial burden placed on delayed economic and professional rehabilitation." Compl. at 6.

## DISCUSSION

A plaintiff's complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Rule 8 requires a "short and plain" factual statement so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (internal quotation marks and citation omitted). However, non-attorney *pro se* litigants are not expected to meet the standards for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If it is possible that "a valid claim might be stated," the Court should give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Because federal courts are limited in the subject matter of cases they can hear, Rule 8 also requires plaintiffs to assert the basis for the Court's jurisdiction. There are two types of federal subject matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant resides

in the same state as the plaintiff, *see* 28 U.S.C. § 1332. If the Court "determines it lacks subject matter jurisdiction," it must "'dismiss the complaint in its entirety.'" *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) and citing U.S. Const. art. III, § 2).

I. Sovereign Immunity

Federal courts generally lack subject matter jurisdiction over claims against the United States federal government and its agencies pursuant to a judicial doctrine called "sovereign immunity." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) ("[T]he United States may not be sued without its consent[.]") (citation omitted). Unless plaintiff can demonstrate that defendants Judicial & Personnel Teams USA Courthouse Federal (SDNY)[5] and the MDC, which is a federal facility, have waived their sovereign immunity, the Court lacks jurisdiction over plaintiff's claims against those defendants. *See id*. Because plaintiff has not alleged any waiver here, these claims must be dismissed.

However, plaintiff's complaint may be liberally read to state a potential claim pursuant to the Federal Tort Claims Act ("FTCA"), in which the United States has waived its sovereign immunity for certain types of claims. Specifically, the FTCA provides for a suit for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). That said, the FTCA's sovereign immunity

---

[5] To the extent plaintiff seeks to bring suit against a judge by naming "Judicial & Personnel Teams USA Courthouse Federal (SDNY)" as a defendant, her claim cannot proceed because judges are absolutely immune from suit for damages relating to actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Nieves v. Liman*, No. 20-cv-09503, 2020 WL 7248856, at *2–3 (S.D.N.Y. Dec. 7, 2020) (explaining judicial immunity). In general, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).

waiver "does not apply to claims arising from the detention of property" by law enforcement officers, including Federal Bureau of Prisons officers. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 215–16 (2008); *see also Adekoya v. Fed. Bureau of Prisons*, 381 F. App'x 35, 37 (2d Cir. 2010) (summary order) (affirming district court's finding that there is no subject matter jurisdiction under the FTCA for "claims [seeking] recovery for personal property that was allegedly damaged or went missing while being held in the custody of correctional officers.").[6]

Before bringing a claim in a federal court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim for money damages with the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). The requirement that plaintiff exhaust her administrative remedies "is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). After receiving a final decision from the agency, a claimant may challenge that decision in federal district court. *See* 28 U.S.C. § 2675. *See also* 28 U.S.C. § 2401(b) (setting time limits for claims against the United States); *but see Friberg v. Brantley*, No. 19-cv-08283, 2019 WL 4412458, at *2 (S.D.N.Y. Sept. 11, 2019) (noting that "the FTCA's time bars are non[-]jurisdictional and subject to equitable tolling").

Here, plaintiff alleges that defendants, including the United States, violated her "right to persist in the oral and dental care that she and her supervising dentist had co-

---

[6] Nor does the "exception to the exception," which applies in forfeiture contexts, apply here. *Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008) ("This 're-waiver' of sovereign immunity for a narrow category of forfeiture-related damages claims was a safeguard created by CAFRA in response to the overly enthusiastic pursuit of civil and criminal forfeiture.").

determined to be good for her dental health." Compl. at 2. Plaintiff does not indicate where this right stems from—for example, whether it has roots in constitutional or statutory protections—but the Court liberally construes it to purport to state an FTCA claim. To the extent plaintiff's complaint can be read to involve a right beyond mere detention of property, plaintiff may be able to state a claim against the United States for inadequate dental care. However, plaintiff's complaint does not allege that she presented the potential tort claim(s) at issue in this action to any federal agency. Accordingly, her claims must be dismissed for lack of subject matter jurisdiction for failure to exhaust her administrative remedies.

II. <u>Attorney Defendants</u>

To the extent plaintiff seeks to assert constitutional claims against the Federal Defenders of New York and attorney Sylvie Levine, an employee of the Federal Defenders of New York, regarding their representation of plaintiff in a criminal case, those claims must be dismissed.

Plaintiffs may seek relief for alleged violations of their constitutional rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 158 (2d Cir. 2005) (Section 1983 "authorizes actions to enforce the rights of individuals under federal statutes as well as under the Constitution."). However, the federal constitution generally protects against infringement by government, rather than private, actors. *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263 (2d Cir. 2014) ("[T]he United States Constitution regulates only the Government, not private parties[.]") (citation omitted). A Section 1983 claim must therefore be brought against government actors, or private parties that acted

6

"under color of state law." *Smulley v. Liberty Mut. Holding Co., Inc.*, No. 22-cv-01158, 2023 WL 2494098, at *2 (2d Cir. Mar. 14, 2023).

Public defenders "are not deemed government actors." *McBryde-O'Neal v. Lenox*, No. 24-CV-0620, 2024 WL 622281, at *2 (S.D.N.Y. Feb. 14, 2024) (collecting cases); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). This is because, while public defender offices are "funded by the state," public defenders "act[] according to the best interests of the client with no obligation to the mission of the state." *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (internal quotation marks and citations omitted). Because defendants Federal Defenders of New York and Levine did not operate as a government actor when representing plaintiff as her counsel, plaintiff has failed to state a constitutional claim against those defendants.

III.   Leave to Amend

*Pro se* litigants should be liberally granted leave to replead. *See Grullon v. City of New Haven*, 720 F.3d 133, 139–140 (2d Cir. 2013). The Court should allow a *pro se* plaintiff leave to amend its pleading "at least once" so long as "a liberal reading of the complaint gives any indication that a valid claim might be stated" if "reframe[d]." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted). However, where the grounds for dismissal are "substantive" such that "better pleading will not cure" them, the Court should not grant leave to amend because amendment would be "futile." *Id.* Because plaintiff may be able to state an FTCA claim, if such a claim has been exhausted as described above, plaintiff is granted leave to amend

7

her complaints against the United States of America regarding dental care while incarcerated.

## CONCLUSION

For the reasons set forth above, the complaints are **DISMISSED** without prejudice. 28 U.S.C. § 1915(e)(2)(B). The Court finds that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. 28 U.S.C. § 1915(a)(3); *see Coppedge v. United States*, 269 U.S. 438, 445 (1962).

The Court grants plaintiff leave to file amended complaints within thirty (30) days of this Order. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse. If plaintiff chooses to file amended complaints, the submissions should each be labeled "Amended Complaint" and include the full docket number. Plaintiff should state the date on which she filed an administrative tort claim complaining of the injuries she allegedly sustained while incarcerated at MDC, and the date the agency issued a final decision. Although not required, plaintiff should attach a copy of any administrative claim she filed with a federal agency as well as a copy of the federal agency's final decision as an exhibit to her amended complaint, if possible.

If plaintiff does not file amended complaints within thirty (30) days or fails to request an extension of time to do so, the Clerk of Court shall be directed to enter judgment and close the cases. The Clerk of Court is respectfully directed to mail a civil complaint form to plaintiff and to note the mailing on the dockets.

**SO ORDERED.**

                                                                                                   _/s/ Natasha C. Merle_
                                                                                                   NATASHA C. MERLE
                                                                                                   United States District Judge

Dated:       September 30, 2024
                 Brooklyn, New York